UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LISA M. STROM,　　　　　　　　　　　　　　　　　　　　　**DECISION**
　　　　　　　　　Plaintiff,　　　　　　　　　　　　　　　　　**and**
　　v.　　　　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

NATIONAL ENTERPRISE SYSTEMS, INC.,　　　　　　　　**09-CV-72A(F)**

　　　　　　　　　Defendant.
_____

APPEARANCES:　　　　　LAW OFFICES OF KENNETH R. HILLER
　　　　　　　　　　　　　Attorneys for the Plaintiff
　　　　　　　　　　　　　AMANDA R. JORDAN, of Counsel
　　　　　　　　　　　　　6000 North Bailey Avenue, Suite 1A
　　　　　　　　　　　　　Amherst, New York　14226

　　　　　　　　　　　　　KENNEY, SHELTON, LIPTAK & NOWAK, LLP
　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　Troy S. Flascher,
　　　　　　　　　　　　　Maurice L. Sykes, of Counsel
　　　　　　　　　　　　　Rand Building, Suite 510
　　　　　　　　　　　　　14 Lafayette Square
　　　　　　　　　　　　　Buffalo, New York　14203

　　　　　　　　　　　　　CHRISTOPHER W. McMASTER, ESQ.
　　　　　　　　　　　　　Attorney for the Defendant[1]
　　　　　　　　　　　　　528 Brisbane Building
　　　　　　　　　　　　　403 Main Street
　　　　　　　　　　　　　Buffalo, New York　14203

## BACKGROUND and FACTS[2]

In this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("the FDCPA"), and under New York law, intentional infliction of mental distress, Plaintiff seeks by an amended motion to compel, filed October 6, 2009

---

[1] Substituted as Defendant's attorney on March 6, 2010 (Doc. No. 39).

[2] Taken from the pleadings and papers filed in this action.

1

(Doc. No. 26)[3] ("Plaintiff's motion"), Defendant's response to Plaintiff's request, pursuant to Fed.R.Civ.P. 34(a), served July 30, 2009, Document Request 13, seeking documents relating to complaints filed with the Better Business Bureau ("BBB") against Defendant including Defendant's investigation of its responses to the BBB regarding such complaints.[4] Plaintiff's motion was supported by the Affirmation of Kenneth R. Hiller in Support of Plaintiff's Motion ("Hiller Affirmation") along with Exhibits A - F ("Exh.(s) ___ to Hiller Affirmation") (Doc. No. 26-2). Defendant opposed the motion by filing, on October 15, 2009, Defendant's Memorandum of Law in Opposition to Plaintiff's Motion (Doc. No. 29) ("Defendant's Memorandum").

By papers filed September 22, 2009, Defendant moved for a protective order directed to Document Request 13 (Doc. No. 17) ("Defendant's motion") contending Plaintiff's request does not seek information relevant to any claim or defense, and that such disclosure "risks violating the privacy rights of consumers," protected by various federal statutes, filing the BBB complaints sought by Plaintiff. Affidavit of Troy S. Flascher, Esq. in Support of Defendant's Motion for a Protective Order (Doc. No. 17) ("Flascher Affidavit") ¶¶ 10, 12; Defendant's Memorandum at 4-5. On October 11, 2009, Defendant also filed a motion for a protective order requesting Plaintiff be prohibited from questioning Defendant's corporate representative, pursuant to Fed.R.Civ.P. 30(b)(6) ("the 30(b)(6) deposition"), concerning Document Request No. 13 and Plaintiff's questions, as stated in Plaintiff's deposition notice for the 30(b)(6)

---

[3] Plaintiff's motion was initially filed September 23, 2009 (Doc. No. 18).

[4] Although not specified in Plaintiff's document request, the motion papers indicate Plaintiff has referenced the BBB of Cleveland, Ohio. *See* Exh. E to HIller Affirmation.

deposition, relating to Defendant's investigation and response to consumer complaints filed against Defendant with "the Better Business Bureau and/or any states attorney general."  Flascher Affidavit in Support of Defendant's Motion for a Protective Order Relating to Plaintiff's 30(b)(6) Deposition of Defendant ("Flascher Affidavit in Support of Protective Order re: the 30(b)(6) Deposition") ¶ 8 (Doc. No. 28) ("Defendant's 30(b)(6) Protective Order Motion").  Specifically, Defendant objects to Plaintiff's anticipated deposition questions on grounds of relevancy and undue burdensomeness.  *Id.* ¶¶ 11-12.  In support of Defendant's motion, Defendant also asserts Plaintiff has previously obtained, by subpoena, pursuant to Fed.R.Civ.P. 45 ("Rule 45"), in an unrelated action, records from the BBB pertaining to 820 complaints against Defendant relating to its debt collection business activity, Defendant's Memorandum at 3, without notice to Defendant required by Rule 45(b)(1), as Plaintiff has conceded.  Plaintiff's Reply Memorandum of Law (Doc. No. 31) at 1.

Plaintiff opposed the Defendant's motions by Affirmation of Kenneth R. Hiller, Esq., filed October 6, 2009, (Doc. No. 27) ("Hiller Affirmation I in Opposition") and Affirmation of Kenneth R. Hiller, Esq., filed October 27, 2009 (Doc. No. 32) ("Hiller Affirmation II in Opposition") arguing the information sought is intended to establish that despite a plethora of persistent complaints of FDCPA violations by Defendant made by consumers to the BBB and the Ohio and West Virginia attorneys general, Defendant has failed to take corrective action.  Hiller Affirmation I in Opposition ¶ 9B; Hiller Affirmation II in Opposition ¶ 8B.  Plaintiff further contends that, as such, the requested information is relevant to rebutting Defendant's affirmative defense that any violations by Defendant of the FDCPA Plaintiff can establish were unintentional and the result of a

bona fide clerical error, an affirmative defense pleaded by Defendant pursuant to 15 U.S.C. §1692k(c) (Doc. No. 25 ¶ 32), as well as Defendant's good faith defense (Doc. No. 25 ¶ 35), and is also relevant to the award of FDCPA damages for intentional misconduct available under 15 U.S.C. § 1692k(b)(1) (allowing court in awarding actual damages to consider, *inter alia*, intentional nature of defendant's FDCPA violation), and to support Plaintiff's state law tort claim of an intentional infliction of mental distress. Hiller Affirmation I in Opposition ¶ 9C; Hiller Affirmation II in Opposition ¶ 8C. Plaintiff also contends that Defendant's attempt to uphold the privacy interests of the individual complainants, based on the statutes cited by Defendant, as a ground for a protective order is negated by the fact that such privacy interests were voluntarily waived by the complainants in filing the complaints at issue with the BBB and attorneys general, and that Defendant fails to point to any authority that such interests may bar discovery of the complaints through Plaintiff's document production request and deposition questions at issue. *Id.* ¶ 9. Plaintiff further points out that Plaintiff already has obtained the requested information in another case, albeit in violation of Rule 45(b)(1). Hiller Affirmation II in Opposition ¶ 10.

**DISCUSSION**

Fed.R.Civ.P. 26(b)(1) generally allows discovery, subject to the limitations stated in Fed.R.Civ.P. 26(b)(2)(C), of non-privileged information that is either relevant to any claim or defense or reasonably calculated to lead to the discovery of admissible evidence. A commercial debt collector's prior record of complaints, asserting violations of the FDCPA made to a government enforcement agency, leading to evidence of such

violations, has been judicially accepted as a basis for enforcement against the violator. *See United States v. ACB Sales & Service, Inc.*, 683 F.Supp. 734, 739 (D.Ariz. 1987) (FTC enforcement action seeking penalties granted based on "hundreds of complaints" against defendant to the FTC and state agencies for "improper collection practices" leading to admissible evidence of such violations). *See also Johnson v. Equifax Risk Management Services*, 2004 WL 540459, at *9 (S.D.N.Y. Mar. 17, 2004) (denying defendant summary judgment on defendant's bona fide error defense based on evidence of "numerous errors and violations of the FDCPA"). Thus, in this case regardless of whether, without more, the BBB and attorneys general complaints themselves may be admissible, it cannot be said that the information sought by Plaintiff is not reasonably calculated to lead to the discovery of admissible evidence in support of Plaintiff's claims or to enable Plaintiff to rebut Defendant's bona fide error defense. *See Webster v. Nations Recovery Center, Inc.*, 2009 WL 2982649, at *2 (D.Colo. Sep't. 15, 2009) (denying defendant's motion to strike plaintiff's allegations of "a litany of suits" against defendant indicating frequency and similar intentional violations by defendant of FDCPA (citing Fed.R.Evid. 404(b) (permitting evidence of other "crimes, wrongs, or acts" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident"))). Here, in addition to establishing Plaintiff's FDCPA claims, proof of numerous violations of the FDCPA by Defendant, the existence of which Plaintiff seeks to establish through Document Request No. 13 and the 30(b)(6) deposition testimony at issue on Defendant's motions, Plaintiff may also use such previous multiple violations to negate Defendant's bona fide clerical error defense. *See Johnson,* 2004 WL 540459, at *9 (evidence of repetitive FDCPA violations by

5

defendant collector admissible to require trial on merits of defendant's bona fide error defense pursuant to 15 U.S.C. § 1692k(c)), as well as Defendant's good faith defense. *Id.*

Additionally, in this case, Plaintiff has asserted a state claim for intentional infliction of mental distress. Under New York law, to establish this tort, a plaintiff must establish that a defendant's "extreme or outrageous conduct" and "intent to cause, <u>or disregard</u> of a substantial probability of causing, severe emotional distress" caused plaintiff to suffer "severe emotional distress." *Howell v. New York Post Company, Inc.*, 612 N.E.2d 699, 702 (N.Y. 1993) (underlining added). To be actionable, the alleged misconduct must be shown to be "outrageous in character," and "beyond all possible bounds of decency, . . . regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal citations and quotation marks omitted). Here, Plaintiff has alleged that despite information she provided to Defendant's collectors that she was disabled with a cancerous brain tumor and thus unable to work and pay the debt which Defendant sought to collect, Defendant's employees harassed and verbally abused Plaintiff falsely threatening her with legal action and loss of her disability benefits which resulted in Plaintiff suffering seizures. Amended Complaint (Doc. No. 23) ¶¶ 16-20.

If, as a result of obtaining the discovery Plaintiff seeks regarding Defendant's past complaints of FDCPA violations to the BBB and the state attorneys general, or other government agencies, Plaintiff is able to present evidence, pursuant to Fed.R.Evid. 404(b), of Defendant's past numerous violations, involving abusive conduct substantially similar to that alleged by Plaintiff, a reasonable jury could conclude that Defendant acted intentionally or disregarded a serious risk of causing Plaintiff severe

mental distress in the course of Defendant's attempts to collect the underlying debt from Plaintiff.[5]  Moreover, such evidence could establish that because Defendant's actions were not the result of a mistake or accidental, Fed.R.Evid. 404(b), they also constituted conduct that the jury could consider on whether Defendant's conduct was, in the circumstances, "extreme or outrageous." *Howell*, 612 N.E.2d at 702.  As such, the information sought by Plaintiff in Document Request No. 13 and the noticed 30(b)(6) deposition questions is relevant to Plaintiff's state law claim of an intentional infliction of mental distress.

Defendant's contention, in opposition to Plaintiff's discovery requests, that "[t]he fact that complaints are lodged [with the BBB or a state attorney general] does not provide conclusive evidence of FDCPA violations [by Defendant]," Defendant's Memorandum at 4 (bracketed material and underlining added), misses the point.  The issue in a discovery request dispute related to proof of a defendant's liability, such as the instant case, is not whether the requested information is "conclusive evidence" of the liability, but whether, if any of the requested information constitutes admissible evidence or may reasonably lead to admissible evidence of the alleged violations. Fed.R.Civ.P. 26(b)(2).  A "[d]etermination that certain information is discoverable does not constitute a ruling on its admissibility." *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 127 (N.D.N.Y. 1984) (citing cases).  As such, the requested discovery is, under Fed.R.Civ.P. 26(b)(2), relevant to Plaintiff's FDCPA and state law claims.

Additionally, the fact that Defendant was the subject of numerous complaints of

---

[5]  The court notes the Amended Complaint does not specifically allege that Defendant's collectors were aware that Plaintiff had suffered a seizure as a result of their prior contacts with Plaintiff.

misconduct prohibited by the FDCPA similar to Plaintiff's allegations may constitute admissible evidence supporting Plaintiff's FDCPA claims. Under Fed.R.Evid. 803(6), records of complaints regularly maintained in the course of business operations by the BBB or state attorneys general are not excluded hearsay evidence. Further, any evidence which makes the existence of a fact in issue more probable is relevant, Fed.R.Evid. 401, and thus admissible. Fed.R.Evid. 402. Moreover, complaints, independent of a plaintiff, from members of the public, describing a defendant's alleged wrongful conduct, which are received and recorded in the ordinary course of business, and thus trustworthy, may be considered as sufficiently probative of the alleged wrongful conduct to require remedial action by defendant. *See Automobile Ins. Co. of Hartford Conn. v. Murray, Inc.*, 571 F.Supp.2d 408, 427-30 (W.D.N.Y. 2008) (record of numerous consumer warranty complaints considered evidence of trademark licensor's responsibility for quality control of offending product as basis for strict liability); *Crawford v. Dominic*, 469 F.Supp. 260, 261, 265 (E.D.Pa. 1979) (personnel records containing, *inter alia*, citizen complaints of excessive force against police officers constitute "highly relevant evidence" of propensity for dangerous misconduct requiring preventive supervisory intervention). Thus, a large volume of complaints to the BBB or state attorney general by individual consumers against Defendant regarding its collection practices as violations of the FDCPA, similar to those alleged by Plaintiff, could cause a reasonable juror to infer that Plaintiff's specific complaints are more likely true than not, Fed.R.Evid. 401, thereby providing a strong basis for their admissibility as probative evidence.

Turning to Defendant's burdensomeness objection, the court finds this

generalized objection is not supported by any factual affidavit by a person with personal knowledge of the exact nature of the alleged undue burden to Defendant in complying with Plaintiff's document request or in preparation for Plaintiff's deposition questions regarding Defendant's past responses to complaints against Defendant submitted to the BBB or a state attorney general. *See American Rock Salt Company, LLC v. Norfolk Southern Corporation*, 228 F.R.D. 426 (W.D.N.Y. 2004) (generalized objection that discovery request is unduly burdensome will be overruled absent particularized facts submitted upon personal knowledge of facts) (citing *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (generalized assertion that requested party will be required to "expend considerable time, effort and expense" in reviewing voluminous records insufficient to sustain burdensomeness objection) (citing *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D.Pa. 1980)). While Defendant maintains the asserted costs of production to Defendant "outweighs the benefit to Plaintiff," Defendant's Memorandum at 5, the court finds the requested information is important to Plaintiff's case, Fed.R.Civ.P. 26(b)(2)(C)(iii) ("importance of issues at stake" factor to be considered by court in deciding whether requested discovery is unduly burdensome), particularly as relevant to establish Defendant's conduct was intentional and thus not immunized from liability under 29 U.S.C. § 1692k(c). However, in accordance with Fed.R.Civ.P. 26(b)(2)(C) (court required on its own motion to prevent discovery that is cumulative or outweighed by the costs of production), the court, in its discretion, limits the information sought by Plaintiff in response to Request 13 and Plaintiff's 10(b)(6) deposition notice <u>to the five-year period prior to Defendant's initial contact with Plaintiff in March 2008</u>.

As to Defendant's attempt to assert, as a basis to oppose Plaintiff's requests, the privacy interests of other FDCPA complainants, the court notes Defendant has failed to point to any federal statute, including the Gramm-Leach-Bliley Act (the Financial Services Modernization Act of 1999), the FDCPA, or the Fair Credit Reporting Act, cited by Defendant in support of this contention, Defendant's Memorandum at 5-6, foreclosing the discovery at issue on such ground, and the court's review of these statutes reveals none. Rather, the FDCPA expressly permits a debt collector to communicate debt collection information to third parties with the express permission of a court. 15 U.S.C. § 1692c(b). Under the Consumer Credit Protection Act ("CCPA"), a statute not cited by Defendant, consumer report information may be provided in response to a court order by a court with authority to do so. 15 U.S.C. §1681b(a)(1). Moreover, Defendant does not contend any of the information sought by Plaintiff is within the prohibition on disclosure as provided in the CCPA. The Financial Services Modernization Act of 1999, 15 U.S.C. § 6701, *et seq*., ("the Act"), also cited by Defendant as the "Graham [*sic*]-Leach-Bliley Act," Defendant's Memorandum at 5, addresses federal regulation of insurance and certain banking activities, and, as such, is inapplicable to Defendant's records. Moreover, although the Act requires financial institutions within its scope to protect non-public consumer information, 15 U.S.C. § 6801(b), no provision of the Act purports to restrict discovery of affected businesses in a federal civil case. Particularly, 15 U.S.C. §6802(e)(8) authorizes financial institutions to disclose non-public, private information in response to "court process." Accordingly, the court finds Defendant's contention presents no bar to the requested discovery in this case. Indeed, in rendering its original enforcement order finding defendant had

violated the FDCPA, the court in the *ACB Sales & Service, Inc.* case, actually listed the names of the consumers who had filed complaints under the FDCPA against defendant in framing the order of enforcement. *See United States v. ACB Sales & Service, Inc.*, 95 F.R.D. at 318-21. However, in the event any production or deposition testimony to be produced or given by Defendant may include information subject to Fed.R.Civ.P. 5.2 (restriction on filing of personal identification information including social security numbers), such information shall be redacted.

Finally, as Defendant's objections presented a reasonably arguable legal basis for Defendant's refusal to comply with Plaintiff's Document Request No. 13 and the 30(b)(6) deposition questions, based on the pendency of Defendant's timely motions for a protective order pursuant to Fed.R.Civ.P. 26(c), *see* Fed.R.Civ.P. 37(d)(2) (failure to provide requested discovery excused if timely motion for protective order is filed), the court finds Defendant's refusal to respond to the document request and to answer the deposition questions were substantially justified, *see Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (whether failure to provide requested discovery is "substantially justified" so as to avoid award of costs and attorneys fees depends on "whether reasonable people could differ" as to the appropriateness of the contested action), and, accordingly, declines to award Plaintiff's costs as the prevailing party, pursuant to Fed.R.Civ.P. 37(a)(5)(A)(ii).

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 26) is GRANTED; Defendant's motions (Doc. Nos. 17, 28) are DENIED, in part and GRANTED, in part.

Defendant shall respond to Plaintiff's Document Request No. 13 <u>within</u> <u>30</u> <u>days</u> of service of this Decision and Order. Plaintiff's 30(b)(6) deposition of Defendant's witness shall be reconvened and completed <u>within</u> <u>30</u> <u>days</u> <u>thereafter</u> in accordance with this Decision and Order. No costs.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 15, 2010
      Buffalo, New York